**BLD-013**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2351
_____

UNITED STATES OF AMERICA

v.

ROMAN MURRAY,

                                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:17-cr-00342-006)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: October 26, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Federal prisoner Roman Murray appeals pro se from the District Court's order denying his motion for compassionate release and its subsequent order denying his related motion for reconsideration. The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's orders.

I.

In 2020, Murray pleaded guilty in the District Court to conspiracy to distribute and possess with intent to distribute crack and heroin. At sentencing, the District Court determined that he qualified as a career offender under the advisory Sentencing Guidelines, and that his applicable Guidelines range was 262 to 327 months in prison. The District Court then imposed a below-Guidelines prison sentence of 180 months.

In September 2021, after exhausting his administrative remedies, Murray moved the District Court for compassionate release. A district court may grant that relief if it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) the applicable 18 U.S.C. § 3553(a) factors do not counsel against a reduction, and (3) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see United States v. Pawlowski, 967 F.3d 327, 329 & n.6 (3d Cir. 2020). Murray, who had previously been infected with COVID-19 and was now vaccinated, argued that compassionate release was warranted due to the health risks caused by the pandemic, which were heightened by his medical and mental health conditions. In arguing that the § 3553(a) factors weighed in his favor,

2

he claimed that, in light of our decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) (en banc), he would not qualify as a career offender and his applicable Guidelines range would be only 130 to 162 months if he were sentenced today.[1]

The Government opposed Murray's motion. Thereafter, on January 6, 2022, the District Court denied the motion, concluding that (1) Murray had not presented "extraordinary and compelling reasons" for compassionate release, and (2) the applicable § 3553(a) factors did not warrant that relief. In support of the latter conclusion, the District Court explained that Murray's offense "was serious and involved the distribution of heroin and crack cocaine," the offense "carried a mandatory minimum term of 10 years," "[h]e has a lengthy criminal history including multiple felony offenses and had connections to two street gangs," he received "a substantial variance" from his advisory Guidelines range, and he "ha[d] served less than 1/3 of his 15-year sentence." (Dist. Ct. Order entered Jan. 6, 2022, at 4.) In light of these factors, the District Court determined "that his continued incarceration is necessary to afford meaningful deterrence to further criminal conduct and to [protect] the public." (Id.) In response to Murray's Nasir-related argument, the District Court noted that he "would not have received a comparable

---

[1] Nasir held that inchoate offenses are not included in the Guidelines' career-offender provision's definition of "controlled substance offenses." See 982 F.3d at 160. After we issued that opinion, the United States Supreme Court granted the Government's petition for a writ of certiorari, vacated our judgment, and remanded to us on a separate ground. See United States v. Nasir, 142 S. Ct. 56 (2021). On remand, we once again held that inchoate offenses are not included in the Guidelines' career-offender provision's definition of "controlled substance offenses." See United States v. Nasir, 17 F.4th 459, 472 (3d Cir. 2021) (en banc). Neither party petitioned the Supreme Court to review our post-remand decision.

variance had the court been presented with a 130 to 162 month guideline range at the time of sentencing." (Id.)

Murray later moved the District Court to reconsider its denial of compassionate release. On July 13, 2022, the District Court denied the motion for reconsideration. This appeal followed, and the Government now moves to summarily affirm.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We also review a district court's denial of reconsideration for abuse of discretion. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). Reconsideration is warranted if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to

---

[2] Although Murray's informal appellate brief begins by stating that "I'm appealing my denial of my reconsideration of compassionate release," (3d Cir. docket # 5, at 1), that filing, liberally construed, appears to also challenge the District Court's earlier order denying his compassionate-release motion. See generally Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (noting that "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). The Government does not argue that the earlier order falls outside the scope of this appeal; to the contrary, the Government's motion asks us to summarily affirm that order. Accordingly, we review both orders here.

correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe

ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). We may

summarily affirm a district court's judgment if the appeal fails to present a substantial

question. See 3d Cir. I.O.P. 10.6.

We find no abuse of discretion in this case. The District Court cogently explained why the § 3553(a) factors warranted denying Murray's motion for compassionate release, citing the seriousness of his offense, his lengthy criminal history, his past connection to two gangs, the substantial variance that he received from his applicable Guidelines range, and the fact that he had served only a small portion of his sentence. Additionally, the District Court made clear that, had Murray been subject to a lower Guidelines range, the court would not have awarded him a variance comparable to the one that he received from the 262-to-327-month Guidelines range. In view of the District Court's § 3553(a) analysis, we are not left with the impression that the District Court committed a clear error of judgment in concluding that compassionate release was not warranted in Murray's case. And nothing in Murray's motion for reconsideration otherwise compelled disturbing that conclusion. Because this appeal does not present a substantial question,[3] we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's January 6, 2022 and July 13, 2022 orders.

---

[3] To the extent that Murray argues that he should have been awarded credit against his prison sentence for time spent in custody following his arrest, a request for such relief falls outside the scope of a compassionate-release proceeding and will not be discussed further here.